UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:  MARY E. MINDER                                          CASE NO.:

Debtor.                                                                          CHAPTER 13

### CHAPTER 13 PLAN

[X] Original                                                                   [ ] Modification
[ ] Provision ____ is/are modified from the Trustee Standard Plan

**A. PLAN PAYMENTS**
1. Debtor(s) will make payments in the amount of $1,178.00 per month.
2. Debtor(s) estimate the Plan length of 60 months.  **The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion.**
3. **Debtor will pay all statutory adequate protection payments thru the Trustee office.**  As such, provided the debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.
4. Debtor(s) will turnover copies of federal and state income tax returns each year of the Plan to the Trustee.
5. Debtor(s) has prorated a portion of her income tax refunds into the disposable income and current monthly income calculations.  Debtor will turn over all combined tax refunds in excess of $1,800.00 each year of the Plan to the Trustee.
6. To meet the best interests of creditors test, the means test and/or the disposable income test, the Class Eight General Unsecured Creditors will receive no less than $0.00.  Remaining funds, if any, shall be paid pro rata to the Debtor's unsecured creditors.

**B. DISBURSEMENTS BY TRUSTEE**

**1. CLASS ONE – ADMINISTRATIVE EXPENSES:**
a. *Trustee fees* as determined by statute.
b. *Attorney fees and costs*: Attorney fees will be paid after Class Two, Four, and Nine monthly payments are post petition current.
[x] An agreed fee of $4,000.00 less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of $2,900.00 plus costs advanced in the amount of $0.00 which totals $2,900.00.
[ ] Attorney's fees to be applied for and approved by the Court.

**2. CLASS TWO – CONTINUING CLAIMS:** Those secured claims on which the last payment is due beyond the length of the plan.  Trustee shall commence payments from the date of the filing of the petition unless the proof of claim provides for a later date.  This class will be paid their monthly payment pro-rata with the Class Four and Nine.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| Teacher's Credit Union | 52935 Forestbrook St., South Bend, IN | $600.00 |
| Teacher's Credit Union | 52935 Forestbrook St., South Bend, IN | $135.00 |

**To the extent that the Class Two Creditor incurs post petition fees or costs pursuant to the mortgage contract, it is the Creditor's duty to apply for pursuant to Section E and have approved such post petition costs and fees by the Bankruptcy Court BEFORE applying any post petition payments.**

**3. CLASS THREE – PRE PETITION ARREARAGE ON CONTINUING CLAIMS:**
To the extent the claim and Plan conflict, the Trustee shall pay the allowed proof of claim.  This class will be paid pro-rata after Classes Two, Four and Nine.

| CREDITOR/COLLATERAL | ADDRESS OF COLLATERAL | ESTIMATED ARREARS AMOUNT | INTEREST RATE IF MORTGAGE PRIOR TO 10/1994 |
|---|---|---|---|
| Teacher's Credit Union | 52935 Forestbrook St. South Bend, IN | $9,000.00 | n/a |

| Teacher's Credit Union | 52935 Forestbrook St. South Bend, IN | $2,025.00 | n/a |

**4. CLASS 4 – SECURED CLAIMS:**

**A. CLASS FOUR (A)** creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two, Four and Nine.  To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee **shall pay the value pursuant to the Plan provisions** with the remaining amount under the claim treated as a Class Eight Unsecured Claim.

| CREDITOR | COLLATERAL | VALUE | INT.RATE | EST. MONTHLY PAYMENT |
|---|---|---|---|---|
| Santander | 2005 Chevy Monte Carlo | $7,425.00 | 4.5% | $138.42 |

**FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR (A) CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, INTEREST RATE AND MONTHLY PAYMENT.**

**B. CLASS FOUR (B)** creditors **shall be paid the principle amount of their allowed claim,** estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class One, Two, Four, and Nine creditors.

| CREDITOR | COLLATERAL | EST. CLAIM BALANCE | INT.RATE | EST. MO. PAYMENT |
|---|---|---|---|---|

None.

**C. CLASS FOUR (C)** creditors have allowed secured claims for pre-petition real estate taxes.  The Treasurer shall retain the lien on the Debtor's real estate securing such tax claim, and to the extent that the taxes are not paid timely during the bankruptcy, upon notice to the Trustee, the estate will pay the remaining portion of the secured claim thru the Trustee.  Debtors will then have the duty to increase their payments to provide for the additional claim.  Class Four (C) claims shall be paid concurrently with Class Six.

| COUNTY | ADDRESS OF REAL ESTATE |
|---|---|

None.

**5. CLASS FIVE – SECURED CREDITORS – MOTION TO AVOID LIEN:** Class five creditors were secured at one time, but is **stripped and voided** as the value of the creditor's interest in the collateral is $0.00.  The secured status of the following creditor's claim shall be, upon discharge, completely stripped away by §506(a), voided by §506(f) and, pursuant to §1327(c), the Debtor's property shall be free and clear of all said pre petition liens listed below.  **Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.**

**LEGAL DESCRIPTION OF PROEPRTY:**

| LIEN HOLDER | CITY/COURT COUNTY RECORDED | CAUSE OR MORTGAGE ACCT NUMBER | JDMT DATE OR MORTGAGE DATE | JDMT AMT OR MORTGAGE AMT |
|---|---|---|---|---|

None.

**6. CLASS SIX – PRIORITY UNSECURED CLAIMS § 11 U.S.C. §1322(A)(2):** All allowed priority claims entitled to priority under §11 U.S.C. 507 shall be paid in full during the Plan.  This class will be paid pro-rata after Class Three Secured Claims are paid in full.

| CREDITOR | AMOUNT |
|---|---|
| St. Joseph County Treasurer | $965.00 |

**7. CLASS SEVEN – SPECIAL UNSECURED CLAIMS:** Class Seven claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| CREDITOR | AMOUNT | REASON FOR SPECIAL TREATMENT |
|---|---|---|

None.

**8. CLASS EIGHT – GENERAL UNSECURED CLAIMS:** General Unsecured Claims that are timely filed shall be guaranteed a minimum of $0.00.  Remaining funds, if any, shall be paid pro rata to the Debtor's unsecured creditors.
**9. CLASS NINE – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES OF PERSONAL PROPERTY** [11 U.S.C. § 1322(b)(7) and 11 U.S.C. §365] Class Nine creditors shall be paid their continuing, post-petition monthly lease payment thru the Trustee and shall be paid a monthly payment pro-rata with the Class Two and Four creditors.  Class Nine creditors shall be paid their post-petition default in the amount set forth below pro-rata with Class Three creditors.

**CONTINUING, POST-PETITION OBLIGATIONS:**

| CREDITOR | COLLATERAL | ASSUME/REJECT | REGULAR PAYMENT | CONTRACT EXPIRATION DATE |
|---|---|---|---|---|

None.

Those executory contracts and/or unexpired leases not listed herein are rejected.  The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtor.

**C. PAYMENTS MADE DIRECT BY THE DEBTOR**

**1. CLASS ONE – CONTINUING CLAIMS THAT ARE CURRENT AS OF THE DATE OF THE FILING OF THE PETITION.**
**DEBTOR** shall commence payments from the date of the filing of the petition.

| CREDITOR | ADDRESS OF COLLATERAL | PAYMENT |
|---|---|---|

None.

**2. CLASS TWO – Secured claims that are co-signed.**  Debtor/Co-signer shall maintain regular monthly payments from the date of the petition.

| CREDITOR | ADDRESS OF COLLATERAL | PAYMENT |
|---|---|---|

None.

**D. PROPERTY SURRENDERED**

**1. SURRENDER OF COLLATERAL.**  The debtor will surrender debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors.  Upon entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d) and the subject property shall be deemed abandoned from the estate.  If the surrendered property is not subject to 1325(a)(9), the creditor may file a deficiency claim after sale, which if allowed would be treated as Class Eight General Unsecured Claims as above.  Said deficiency claim will be paid as a Class Eight Unsecured if such creditor timely files or amends its claim for such deficiency.

| CREDITOR | COLLATERAL |
|---|---|

None.

**E. GENERAL PROVISIONS**

**1. Vesting, Possession of Estate Property and Lien Retention:** All property will remain property of the estate until discharge.  The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)].  All secured creditors shall retain the liens securing their claims unless otherwise stated.
**2. Debtor's Causes of Action:** Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.
**3. Surrender or Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and the subject property shall be deemed abandoned from the estate.
**4. Prohibition against Incurring Post-Petition Debt:**  While the case is pending, the debtor will not intentionally incur debt without first obtaining approval from the Court or the Trustee, unless the debt is for medical services which are necessary for the health and welfare of the debtor or debtor's dependents.

**5. Proof of Claims Required for Distributions:** To receive distributions from the trustee under this Plan **all creditors, including holders of secured claims,** must file a proof of claim with the Bankruptcy Court.

**6. Debtor Duty to Maintain Insurance:** Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

**7. Curing of Mortgage Defaults:** The rights of holders of claims secured solely by a mortgage on real property which is used as the principle residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in the allowed claim, while making all post petition principle, interest and escrow payments, as required by the loan documents, shall result in full reinstatement of the mortgage according to its original terms and may extinguish any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorney's fees, that arise during the pendency of this case shall be claimed pursuant to the requirement of this Plan, and if not so claimed, may be waived upon completion of this Plan.

**8. Duty of Mortgage Servicer to file Notice of Payment Change due to escrow analysis:** The Mortgage Servicer shall perform an annual escrow analysis and shall file yearly a Notice of Payment Change with a copy of the escrow analysis showing the taxes and the insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.

**9. Duty of Mortgage Servicer to file Notice of Payment Change due to interest and ARM changes:** The Mortgage Servicer shall timely file a Notice of Payment Change that contains the calculation of the new payment, the new interest rate and the date of the payment change. Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.

**10. Duty of Mortgage Servicer to file Notice of Protective Advances:** The Mortgage Servicer shall timely file a Notice with the Court if the servicer advances funds under the terms of the mortgage as a protective advance e.g. forced placed insurance or advance of taxes due to non payment.

**11. Duty of Mortgage Servicer to file Notice of Post Petition Fees and Costs Assessed pursuant to the Mortgage:** The Mortgage Servicer shall file yearly a Notice of all Post-Petition fees, costs of collection, and all other contract charges assessed under the mortgage document, including attorney's fees. Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorney's fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by the Bankruptcy Court order or by Debtor's written agreement.

**12. Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

**13. Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim – whichever is less.**

**14. Disbursements under the Plan: If a creditor applies payments in a manner not consistent with the terms of the plan, or applies Trustee payments to post petition costs or fees without prior approval of the Bankruptcy Court, such actions may be a violation of 11 U.S.C. §524(i).**

**15. It is the Debtor's intent to provide for every claim** unless specifically stated otherwise. Unless the claim is set forth specifically in this plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

**16. Other provisions:** _____
_____
_____

## United States Bankruptcy Court
### Northern District of Indiana

In re   Mary E Minder                                                                  Case No.
                                         Debtor(s)                                     Chapter    13

## CHAPTER 13 PLAN
(Signature Page)

Date   7-23-10                    Signature   *Mary E. Minder*
                                              Mary E Minder
                                              Debtor